nated. Since under the evidence it cannot be eliminated, any finding of the jury for the plaintiff must be a mere guess. . . .''

Plaintiff seeks to bridge the gap by the statement of defendant's witness, Dr. Turner, that the fracture pattern of the bottle lip was typical of a break initiated by an external lifting force applied under the clinching ring, "and not by any other cause". If plaintiff adopted the quoted phrase fully, it would put him out of court, since it would mean that no causative force other than his own brought on the trouble. He argues that because of the verdict he is entitled to discard this awkward result and limit Dr. Turner's language to the single idea that no cause of the accident can be ascribed to the retailer alone. But his argument is silent about the further awkward result that the defendant would also be freed of all possible blame. There should be a reasonable limit to the awkward results that appellant should be allowed to avoid in this fashion, considering Dr. Turner's vigorous, ample, uncontradicted testimony specifically eliminating all possible causes, such as bottle defect and over-carbonation, for which defendant might be responsible.

We are unwilling to extend the doctrine of *Loch v. Confair,* under these circumstances, to the case of the plaintiff who sues the bottler alone. Appellant's artifact of evidence is too fragile to carry proof that far.

The judgment is affirmed.

Mr. Justice MUSMANNO dissents.

## Jordan v. Nichols, Appellant.

Argued October 7, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and McBRIDE, JJ.

390

 reargument
refused February 23, 1960.

*Murray R. Garber* and *R. T. Mutzabaugh,* with them
*Joseph Graff,* for appellants.

*James F. McVay,* with him *McVay and McVay,* for
appellee.

OPINION PER CURIAM, December 30, 1959:
The Court being evenly divided, the judgment of the
lower court is affirmed.

Black Estate.